IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHIMOS GOGOS,            )
                           )
            Plaintiff,     )
                           )
     v.                    )   No.  13 C 3779
                           )
AMS-MECHANICAL SYSTEM, INC.,)
                           )
            Defendant.     )

## MEMORANDUM ORDER

Regrettably the understandable unfamiliarity of pro se litigants with the rules and procedures that govern proceedings in this federal District Court often create major problems for the litigants themselves, as well as for the judges to whom their cases have been assigned under the Court's random assignment system. That has happened here, where this Court issued a brief June 5, 2013 memorandum order ("Order") that explained why Anthimos Gogos ("Gogos") could not pursue his attempted claim that his ex-employer AMS-Mechanical System, Inc. ("AMS") had violated the Americans with Disabilities Act ("Act"). Because the assertions that Gogos had advanced in his proposed Complaint "simply do not fit the concept of 'disability' as defined in the Act and its caselaw" (Order at 1-2), the Order concluded by dismissing both the Complaint and this action for lack of subject matter jurisdiction, while expressing no opinion as to the possibility that Gogos might perhaps seek some remedy against AMS under some state law that could be pursued in the state courts.

Gogos then transmitted to this District Court's Clerk's Office a document that he captioned "Motion for Reconsideration of Dismissal," received in that office on June 21. But because he apparently transmitted only the original of that document to the Clerk's Office, without enclosing the Judge's Copy called for by this District Court's LR 5.2(f), the filing unfortunately simply sat in the Clerk's Office without this Court having any awareness of that transmittal. It was only when Gogos later transmitted a "Second Motion Asking the Court Reconsideration of My CCase to be Reinstate"--a 22-page, 94-paragraph sprawling narrative coupled with a bulky set of attachments--that the Clerk's Office sent this Court the first page of the narrative (Dkt. 11) together with a "Document Deficiency Notice" dated July 2, 2013 that said "Copy of motion not sent to Judge. Received in the mail." That was the first time that this Court had been made aware that Gogos had done anything to follow up on the original order of dismissal.

This Court has waded through the most recent filing--a turgid autobiographical narrative that deals with Gogos' trials and tribulations over many years, rather than focusing on a current claim under the Act. And although Gogos' painfully lengthy account does make an occasional brief reference to the EEOC and a right-to-sue letter, copies of neither the actual EEOC document nor Gogos' charge of discrimination that had to have

begun the EEOC's consideration have been supplied by Gogos[1]--and of course the Act requires a plaintiff to show that he has exhausted his administrative remedies before filing suit.

This Court always goes out of its way to accommodate pro se filers, not only by following the Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam) directive to view their filings through a more generous lens but also by trying to ferret out the potential for invoking federal jurisdiction whenever possible. But it is still the litigant's responsibility to provide the grist for the judicial mill, and here Gogos' submissions, despite their prolix nature, have provided no basis for such assistance. This Court has no choice other than to deny his second motion for reconsideration.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 11, 2013

---

[1] Gogos' exhibits attached to his 22-page narrative occupy another 60 pages or so (largely extraneous to a current claim involving the Act), but those EEOC-related papers did not turn up in a scanning of those pages.