**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTHIMOS GOGOS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 3779 |
| | ) |
| **AMS-MECHANICAL SYSTEM, INC.**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER[1]

On December 16, 2013 our Court of Appeals held per curiam that Anthimos Gogos ("Gogos") was entitled to proceed against his former employer AMS-Mechanical System, Inc. ("AMS") on his charge that it had violated the Americans with Disabilities Act, 42 U.S.C. § 12112. For that purpose, whenever any pro se litigant such as Gogos has presented a non-frivolous claim in the legal sense, this Court's uniform practice has been to designate a member of this District Court's trial bar to represent that litigant pro bono publico.[2]

---

[1] This memorandum order was originally dictated and then transcribed in draft form on December 19, 2013 (almost immediately after our Court of Appeals' ruling referred to in the first paragraph of the text). But that timing unfortunately coincided with the last stage of the terminal illness of this Court's invaluable secretary (she had served this Court for over three decades), and so the document never reached final form as the result of administrative oversight. It has now come to light only as a result of an inquiry from the pro se plaintiff. This is not said by way of excuse, but rather to explain the circumstance that caused such a really unpardonable delay. With all apologies to the plaintiff, this Court will make sure that the case will be dealt with hereafter as expeditiously as possible.

[2] That practice not only serves the best interest of the litigant himself or herself, but it also facilitates the handling of the case by the other party to the litigation by substituting lawyer-to-lawyer communications in place of communications between defense counsel and a nonlawyer plaintiff. And importantly, the court's handling of the litigation is also facilitated by such a designation.

Accordingly this Court has obtained the name of this member of the trial bar, who is designated to serve Gogos as his counsel pro bono publico in this action:

>	Jill B. Berkeley
>	Neal Gerber & Eisenberg
>	2 North LaSalle Street
>	Suite 1700
>	Chicago, IL  60602.

That counsel is directed (1) to cause service of process to be made on AMS (the expense incurred in that respect is reimbursable out of the court funds made available for that purpose) and (2) to review Gogos' self-prepared Complaint of Employment Discrimination to determine whether to go forward with Gogos' claim on the basis of that pleading or, instead, to file an Amended Complaint on his behalf.  In the meantime this Court is contemporaneously issuing its customary initial scheduling order, and Gogos' designated counsel is further directed to provide AMS with copies of both that order and this memorandum order.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 31, 2014

---

[3] Although Gogos has also completed and filed a Clerk's-Office-provided In Forma Pauperis Application ("Application"), that document has been submitted solely as an adjunct to his above-granted motion for attorney representation.  Because Gogos has paid the $400 filing fee, the Application should not be docketed as a request for in forma pauperis treatment as such.